IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRUCE TAYLOR,

    Plaintiff,

v.                                                       CASE NO. 5:08-cv-342-RS-AK

BAY MEDICAL CENTER,

    Defendant.

_____/

**O R D E R**

This cause is before the Court on Plaintiff's amended complaint, Doc. 4, which has been reviewed and is sufficient to alert Defendant to the nature and basis of Plaintiff's claims. Plaintiff has provided one service copy. This order directs service and, considering that Plaintiff is proceeding *pro se* in this case, explains what must be accomplished to effect service of process.

Plaintiff is informed that it is his responsibility[1] to serve Defendant with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Service must be accomplished within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(c),(m). That time is hereby extended to 120 days from the date that this order is entered on the docket pursuant to Rule 4(m).

To effect service of process, Defendant must be personally delivered a copy of the complaint and a summons that will be issued to Plaintiff by the Clerk of this Court. Such personal delivery may be made by anyone who is at least 18 years of age and is not a party to this action. This type of formal service will be explained more fully below.

---

[1] Plaintiff may file a motion requesting assistance. Fed. R. Civ. P. 4(c)(2).

Alternatively, Rule 4(d) allows Plaintiff the option of sending Defendant[2] a notice of the commencement of the action and a request that Defendant waive formal service of process. If Defendant fails to return the waiver form (which Plaintiff must enclose), Plaintiff must formally serve Defendant, and Defendant may be liable for the costs of formal service. Plaintiff should thoroughly review Rule 4 before attempting service by either of the above methods.

Plaintiff has named Bay Medical Center as Defendant. This Defendant appears to be a corporation subject to service pursuant to Rule 4(h) of the Federal Rules of Civil Procedure. Formal, personal service on this Defendant under Rule 4(h) requires delivery of "a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . ." Fed. R. Civ. P. (4)(h)(1). Rule 4(h) also permits service upon a corporation in the manner also prescribed for individuals as set forth in Rule 4(e)(1), if waiver of service has not been obtained.

Under the provisions regarding service upon an individual, Rule 4(e)(1), service may be effected pursuant to the law of the State of Florida. The relevant statutory provision in the State of Florida indicates that service upon a corporation may be made on: (a) the president or vice president, or other head of the corporation; (b) in the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager; (c) in the absence of any

---

[2] Rule 4(d) does not apply when the defendant is a state, municipal corporation, or governmental organization. See FED. R. CIV. P. 4(j)(2) for instructions on how to serve such a defendant.

*Case No: 5:08-cv-342-RS-AK*

person described in paragraph (a) or paragraph (b), on any director; or (d) in the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state. FLA. STAT. § 48.081(1). Additionally, service may be effected by service upon the corporation's designated registered agent. *See* Fla. Stat. § 48.081(3); *see also* § 48.091.[3]

Accordingly, it is hereby **ORDERED:**

1. The docket shall reflect that there is one Defendant in this action: Bay Medical Center. Plaintiff shall have ten days from the entry of this order on the docket in which to notify the Court if this is *incorrect*.

2. The Clerk of Court shall forthwith issue a summons for Defendant and deliver the summons along with the service copy of Plaintiff's amended complaint to Plaintiff, who shall be responsible for prompt service of the summons and amended complaint upon Defendant. The Clerk shall also forward to Plaintiff a copy of the forms and instructions to be used if Plaintiff decides to serve the complaint under Fed. R. Civ. P. 4(d) (waiver of formal service).

3. After a response to the complaint has been filed by Defendant, Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a "certificate of service" which states the date a correct copy of the paper was mailed to Defendant or to the attorney representing Defendant. After a response

---

[3] Pursuant to FLA. STAT. § 607.0501(1), every corporation must have a registered office and registered agent. The registered agent must be on file with the Florida Department of State. FLA. STAT. § 607.0501(3).

to the complaint has been filed by Defendant, any paper submitted for filing which does not contain a "certificate of service" shall be returned by the Clerk's Office and disregarded by the Court.

    4.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent, she should sign the form and forward it to counsel for Defendant, who shall return it to the Clerk only if the Defendant consents.

    5.  Plaintiff is reminded that service on Defendant must be accomplished within 120 days of the date this Order is entered on the docket.

    6.  The Clerk of Court shall action require this case to the undersigned upon receipt of an answer to the complaint or other response from Defendant, upon the filing of either an executed or unexecuted summons, or no later than **April 8, 2009.**

    **DONE AND ORDERED** this   *9th*   day of December, 2008.


                              *s/ A. KORNBLUM*
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**